IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NATALIE J. MCCOY                                                                   PLAINTIFF

            v.                              Civil No. 07-2100

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                     DEFENDANT

## MEMORANDUM OPINION

      Plaintiff, Natalie McCoy, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for period of disability, disability insurance benefits (DIB) pursuant to Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.    Procedural Background

      Plaintiff filed her application for DIB on September 23, 2004, alleging an onset date of January 1, 1993, due to scoliosis, lower back pain, arthritis, left foot deformity, depression, and lung problems. (Tr. 16, 49, 107-108). An administrative hearing was held on May 18, 2006. (Tr. 337-394). Plaintiff was present and represented by counsel.

      At the time of the administrative hearing, plaintiff was 45 years old and possessed the equivalent of a high school education. (Tr. 192). The record reveals that she had past relevant work experience ("PRW") as an account clerk, insurance reconciliation clerk, and video store manager. (Tr. 351-360).

On October 25, 2006, the Administrative Law Judge ("ALJ") issued a written opinion finding that plaintiff suffered from a combination of severe impairments on or before her date late insured, but that these impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 on or before December 31, 1998, her date last insured. (Tr. 21). In spite of her impairments, he concluded that she retained the RFC to perform light work with restricted turning of her head to the left. (Tr. 21). The vocational expert ("VE") testified that an individual with this RFC could return to some of plaintiff's PRW and could also perform work as a credit clerk, payroll clerk, and a receptionist. (Tr. 20-22, 388).

Plaintiff appealed this decision to the Appeals Council, but her request for review was denied on July 27, 2007. (Tr. 4-7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision.

## II.    Applicable Law

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other

words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

### A. The Evaluation Process

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing PRW; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in

light of her RFC. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's treatment of the June 22, 2006, letter from Dr. Richard McCarthy, plaintiff's surgeon. (Tr. 251-252). Dr. McCarthy stated that plaintiff had undergone two spinal surgeries for correction of her progressive idiopathic scoliosis in April 1995. This involved spinal release and fusion of the third thoracic lumbar through the fourth lumbar vertebra. Her first two years post-surgery were seemingly uneventful, however, she began complaining of left hip pain in May 1997. X-rays did show some narrowing of the SI joint and possibly some sclerosis around the L5-S1 level. Then in June 1998, plaintiff underwent foot surgery, which changed her gait pattern and significantly exacerbated her left-side lower back pain and SI joint pain. Dr. McCarthy stated that plaintiff continued to have problems with her gait, which put additional stress on her lower back and SI joint, increasing her pain. In August 1998, plaintiff began complaining of neck pain. He noted that this was a common side effect for patients undergoing "long fusion" surgery.

Although plaintiff's x-rays have shown no apparent complications, Dr. McCarthy indicated that it is well documented that in cases where fusion is performed low in the lumbar spine, these levels will wear out and become painful at a younger age than expected. Said changes are not always evidenced on x-rays and MRIs, dependent upon the technique employed by the examiner. Further, he noted that her SI joint, which has very little mobility anyway, is stressed because of the additional force placed upon it by the low spine fusion. This also frequently results in pain in this region. Therefore, although the surgery was generally

4

considered to be a success, Dr. McCarthy stated that plaintiff would always have a certain amount of pain and disability from her significant scoliosis deformity. (Tr. 252).

We note that the medical evidence cited by Dr. McCarthy is contained in the record. (Tr. 123-124, 132, 133, 134, 298). Further, the only true physical RFC assessment contained in the file was prepared by a non-examining, consultative examiner. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). While we note that Dr. McCarthy had apparently refused to complete an RFC assessment, when asked to do so by plaintiff's counsel, this situation could have been rectified by the ALJ submitting interrogatories directly to the doctor. As the record makes clear that plaintiff's spine was basically fused from top to bottom (Tr. 221), we believe that the ALJ should have developed the record further concerning plaintiff's ability to crouch, bend, kneel, crawl, balance and climb; perform activities such as reaching or lifting overhead that could place additional stress and pressure on plaintiff's neck and spine; and, sit and stand for extended periods of time, as the evidence does not make clear what effect, if any, plaintiff's impairment has on her ability to perform these basic activities. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (holding that ALJ's duty to develop the record may include seeking clarification from treating physicians when a crucial issue is undeveloped or underdeveloped). Therefore, the case will be remanded to allow the ALJ to do so.

The parties are reminded that the relevant time period in this case is January 1, 1993, plaintiff's alleged onset date, through December 31, 1998, plaintiff's date last insured. As such, only evidence specifically related to plaintiff's condition during this time period will be relevant

5

to the ALJ's decision on remand. *Davis v. Califano*, 605 F.2d 1067, 1072 n.6 (8th Cir. 1979) (stating that court would consider only the medical reports going to the claimant's medical condition prior to the date her insured status expired).

## IV.     Conclusion

Accordingly, having carefully reviewed the record, the undersigned does not find substantial evidence supporting the ALJ's decision denying the plaintiff benefits, and thus the decision should be reversed and remanded to the Commissioner for further consideration pursuant to Sentence Four.

DATED this 29th day of May 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)